UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GORDON SOLOMAN GIBSON,<br><br>          Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>          Respondent. | CASE NO. C15-5737 BHS<br><br>ORDER DENYING RESPONDENT'S MOTION FOR RECONSIDERATION |

This matter comes before the Court on Respondent United States of America's motion for reconsideration of order granting 28 U.S.C. § 2255 (Dkt. 29).

On June 15, 2016, the Court granted Petitioner Gordon Soloman Gibson's ("Gibson") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Dkt. 27.  On June 20, 2016, the Government filed a motion for reconsideration arguing that the Court may have overlooked or misapprehended issues and submitted new legal authority in support of its position.  Dkt. 29.

With regard to the issue of whether *Johnson v. United States*, 135 S. Ct. 2551 (2015) applies retroactively to career criminal sentences under the guidelines, the Government disagrees with the Court's conclusions.  Disagreement is not grounds for

ORDER - 1

reconsideration. Moreover, the new authority provided by the Government is similar to authority already cited by the Court and does not alter the Court's conclusions.

With regard to the Government's argument that Gibson's claims are procedurally defaulted, the Government asserts that Gibson "did not argue either at sentencing or on direct appeal that the residual clause in USSG 4B1.2 was unconstitutionally vague or even that his burglary convictions did not qualify . . . ." Dkt. 29 at 3. In other words, the Government appears to argue that Gibson must have raised challenges identical to the holding of *Johnson* in order to be entitled to relief. The Court is not persuaded that this is the correct rule of law. Moreover, Gibson did challenge the conclusion that he qualified as a career offender. *See United States v. Gibson*, 2000 WL 728151 (9th Cir. 2000).

Finally, the Government disagrees with the Court's conclusion that it must assume that Gibson was sentenced under the residual clause. This is another respectful disagreement as to which party bears the risk of doubt. Disagreement is not a sufficient basis for reconsideration. Therefore, the Court **DENIES** the Government's motion for reconsideration.

**IT IS SO ORDERED**.

Dated this 21st day of June, 2016.

BENJAMIN H. SETTLE
United States District Judge